# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JOANNA "JODY" MAPLES, an individual; | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-21-233-G |
| (1) CITY OF LAWTON; (2) JOSH FOREMAN, in his individual capacity; (3) AUSTIN MAHSETKY, in his individual capacity; (4) NATHAN RONAN, in his individual capacity; (5) SEDONA WARREN, in her individual capacity; | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, Joanna Maples, for her claims against the above stated Defendants, alleges and states as follows:

## I.
## PARTIES

1. Joanna Maples ("Ms. Maples") is an individual person who resides in Lawton, Oklahoma.

2. The City of Lawton is a political subdivision of the State of Oklahoma, located in the Western District of Oklahoma.

1

3. Upon information and belief, Josh Foreman is an individual who resides in the Western District of Oklahoma, and at all material times to this lawsuit was an employee of the Lawton Police Department.

4. Upon information and belief, Austin Mahsetky is an individual who resides in the Western District of Oklahoma, and at all material times to this lawsuit was an employee of the Lawton Police Department.

5. Upon information and belief, Nathan Ronan is an individual who resides in the Western District of Oklahoma, and at all material times to this lawsuit was an employee of the Lawton Police Department.

6. Upon information and belief, Sedona Warren is an individual who resides in the Western District of Oklahoma, and at all material times to this lawsuit was an employee of the Lawton Police Department.

## II.
## VENUE AND JURISDICTION

7. The claims asserted herein arise from events that occurred in Lawton Oklahoma on June 25, 2019. All of the material facts set forth herein took place in the Western District of Oklahoma. Because acts forming the basis of this claim occurred in the Western District of Oklahoma, and it is believed that all Defendants reside in the Western District, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

8. In accordance with 28 U.S.C. § 1331, this Court has jurisdiction over all of the claims asserted herein because claims for relief are asserted under 42 U.S.C. § 1983

and pendent jurisdiction exists over the related state law claims pursuant to 28 U.S.C. § 1367(a), as they arise out of the same core of operative facts as Ms. Maples' federal claims.

9. On June 22, 2020, Ms. Maples sent her Oklahoma Governmental Tort Claims Act Notice to the City Clerk for the City of Lawton.

10. The Clerk for the City of Lawton received the notice on June 22, 2020, giving Defendants ninety (90) days to respond.

11. Defendants never responded to Ms. Maples' Tort Claim. Therefore, each claim was deemed rejected as of September 20, 2020. See Okla. Stat. tit. 51, § 157(B). Thereafter, Ms. Maples had 180 days to file his lawsuit pursuant to Okla. Stat. tit. 51, § 157(B).

### III.
### FACTS RELATING TO ALL CLAIMS FOR RELIEF

12. Prior to June 25, 2019, Ms. Maples was in a dating relationship with Mark Foreman.

13. Mark Foreman is a former police officer with the Lawton Police Department.

14. Mark Foreman's son, Josh Foreman, was and still is a police officer with the Lawton Police Department.

15. Jody Maples ended her relationship with Mark Foreman prior to June 25, 2019 and the relationship did not end on good terms.

16. On June 25, 2019, Ms. Maples stopped by Mark Foreman's house for a short period of time.

17. Present at the house was Mark Foreman and his son Josh Foreman.

18. Ms. Maples did not stay long and was the first to leave Mark Foreman's house.

19. As Ms. Maples left the home in her car, she was immediately followed by Josh Foreman, who was technically off duty at the time.

20. Josh Foreman called Lawton Police Dispatch while following Ms. Maples to report a vehicle driving erratically.

21. Ms. Maples was not driving erratically that night.

22. The allegations made by Mr. Foreman were false and they were made in an effort to retaliate and punish Ms. Maples for her past relationship with Mark Foreman.

23. Upon information and belief, Mr. Foreman did not tell dispatch that it was his father's ex-girlfriend that he was following when he reported the erratic driving.

24. He also did not tell dispatch that he was at Mark Foreman's home with Ms. Maples immediately prior to following her and falsely alleging that she was engaged in erratic driving.

25. Upon information and belief, dispatch began the process of radio assigning the call.

26. Once Josh Foreman learned that the call had been assigned, he began to call his friends in the Lawton Police Department to instruct them to respond to the call.

27. These calls were made via cell phone.

28. Cell phone were used to conceal the conversations and avoid the recording of the calls on dispatch radios.

29. Josh Foreman followed Ms. Maples to Sonic Drive-In where she pulled into a parking spot and placed an order.

30. Josh Foreman told his friends in the Lawton Police Department via cell phone that Ms. Maples was at the Sonic Drive-In.

31. The Lawton Police Officers that Josh Foreman spoke to via cell phone were Austin Mahsetky, Nathan Ronan, and Sedona Warren.

32. Austin Mahsetky, Nathan Ronan, and Sedona Warren all responded to the Sonic Drive-In, in separate vehicles, to make contact with Ms. Maples.

33. Nathan Ronan and Sedona Warren parked behind Ms. Maples at the Sonic Drive-In and blocked her vehicle so that she could not leave.

34. Sedona Warren briefly made contact with Ms. Maples while Ms. Maples was sitting in her vehicle at the Sonic Drive-In.

35. Sedona Warren did not gather any information from Ms. Maples (i.e., driver's license and registration); she simply instructed Ms. Maples to remain in her vehicle.

36. Following this brief exchange, Sedona Warren talked via cell phone with Josh Foreman who was waiting nearby in an adjacent parking lot.

37. Josh Foreman directed the actions of Sedona Warren and the other officers on scene that night via cell phone and instructed them to arrest Jody for driving under the influence ("DUI") or Actual Physical Control ("APC").

38. Following the instructions of Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren proceeded to conduct a sham traffic stop and ultimately

5

arrested Ms. Maples for being in actual physical control of a motor vehicle while under the influence of alcohol.

39. Ms. Maples was not intoxicated on the night on June 25, 2019.

40. There was no probable cause to support Ms. Maples' arrest.

41. The Lawton Police Department has used dash cameras in their vehicles since before 2015.

42. Dash cameras record video and audio of a police officer's interaction with a citizen.

43. Mysteriously, the City of Lawton cannot find dash cameras from any officers involved in the stop and arrest of Ms. Maples on the night of June 25, 2019.

44. Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren sought charges against Ms. Maples for APC and careless driving based on false and misleading statements in police reports provided to the Comanche County District Attorney's Office.

45. Sedona Warren also attempted to revoke Ms. Maples license by submitting an officer's affidavit from the APC arrest to the Oklahoma Department of Public Safety.

46. The Comanche County District Attorney's Office charged Ms. Maples with Careless Driving but declined the charge for APC.

47. The Comanche County District Attorney's Office decision to charge Ms. Maples was based on misleading and false police reports submitted by Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren.

48. Ms. Maples was forced to hire an attorney to defend her in the criminal case filed by Comanche County and in a civil action initiated by the Department of Public Safety ("DPS") to revoke Ms. Maples license.

49. The DPS action against Ms. Maples was ultimately dismissed because some officers involved in this false arrest failed to attend the administrative hearing and the DPS could not meet their burden of proof to sustain the licensing action.

50. The officers who chose not to attend the hearing did so because they did not want to testify under oath about their false allegations against Ms. Maples.

51. Ms. Maples has suffered severe emotional distress and reputational harm because of her rights being violated by Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren.

## IV.
## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF – Unlawful Seizure Under 42 U.S.C. § 1983
(against all individual Defendants)**

Paragraph Nos. 1-51 are re-alleged and adopted as if set forth at length.

52. The conduct described herein constitutes a violation of Ms. Maples' right as a citizen of the United States, under 42 U.S.C. § 1983, to be free from unreasonable seizure and wrongful false arrest.

53. The Fourth Amendment's requirement that a search and seizure be reasonable was clearly established throughout the United States at the time the conduct herein occurred.

7

54. Defendants Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren accused Ms. Maples of criminal activity knowing the accusations to be without genuine probable cause, and they knowingly, or with reckless disregard to the truth, provided false statements to prosecutors.

55. Defendants Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren caused Ms. Maples to be illegally seized and charged with a misdemeanor crime resulting in damages.

56. The want of probable cause is, and was at the time of arrest, evident, and any appearance of probable cause was only created though Defendants' illicit misconduct.

57. Defendants Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren were acting under color of law when the violation of Ms. Maples' rights occurred because they were clothed with either the actual or apparent authority of the City of Lawton, a political subdivision of the State of Oklahoma.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

## SECOND CLAIM FOR RELIEF – Malicious Prosecution Under 42 U.S.C. § 1983
**(against all individual Defendants)**

Paragraph Nos. 1-57 are re-alleged and adopted as if set forth at length.

58. Defendants Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren accused Ms. Maples of criminal activity knowing the accusations to be without genuine probable cause, and they knowingly, or with reckless disregard to the truth, provided false and coerced statements to prosecutors with the intent of exerting influence on the start of judicial proceedings.

59. Defendants Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren caused Ms. Maples to be illegally seized, charged with a misdemeanor crime, and improperly subjected to judicial proceedings for which there was no probable cause. Plaintiff's arrest and the judicial proceedings against her were instituted and continued maliciously, resulting in damages.

60. The want of probable cause is, and was at the time of arrest, evident, and any appearance of probable cause was only created though Defendants' illicit misconduct.

61. Defendants Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren were acting under color of law when the violation of Ms. Maples' rights occurred because they were clothed with either the actual or apparent authority of the City of Lawton, a political subdivision of the State of Oklahoma.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and

others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**THIRD CLAIM FOR RELIEF – Civil Conspiracy to Violate/Deprive Constitutional Rights Under 42 U.S.C. § 1983**
**(against all individual Defendants)**

Paragraph Nos. 1-61 are re-alleged and adopted as if set forth at length.

62. The individual Defendants, acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert in order to deprive the Plaintiff of her constitutional rights, including her right to be free from unlawful arrest and unjust prosecution.

63. The individual Defendants, acting in concert, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

64. In furtherance of the conspiracy, each of the co-conspirators engaged in and facilitated numerous overt acts, including but not limited to those set forth above - such as manufacturing false evidence and testimony - and each was an otherwise willful participants in join activity.

65. As a direct and proximate result of the illicit prior agreement and actions in furtherance of the conspiracy referenced above, Plaintiff's rights were violated and she suffered injuries, including by not limited to loss of liberty, physical harm, and emotional distress.

66. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, willfulness, and deliberate indifference to the rights of Ms. Maples.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

### FOURTH CLAIM FOR RELIEF – Failure to Intervene Under 42 U.S.C. § 1983
### (against all individual Defendants)

Paragraph Nos. 1-66 are re-alleged and adopted as if set forth at length.

67. In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

68. As a direct and proximate result of the Defendant's failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries, including but not limited to loss of liberty, physical harm, and emotional distress. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

69. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and willful indifference to the clearly established constitutional rights of Ms. Maples.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and

others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

### FIFTH CLAIM FOR RELIEF – Supervisor Liability Under 42 U.S.C. § 1983
### (against all individual Defendants)

Paragraph Nos. 1-69 are re-alleged and adopted as if set forth at length.

70. Upon information and belief, one or more of the individual officers involved in Ms. Maples arrest was of a higher rank than the other officer(s) involved.

71. The individual Defendant with a higher rank had supervisor authority over the other individual Defendants.

72. The supervising officer had actual or constructive knowledge that his or her subordinate officers were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Ms. Maples.

73. The supervising officer(s) responded with deliberate indifference to or tacit authorization of the alleged offensive practices, such that there was an affirmative causal link between the supervisor's inaction and the constitutional injury suffered by Ms. Maples.

74. Ms. Maples was damaged as a result of the wrongful conduct of the supervising officer(s).

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**SIXTH CLAIM FOR RELIEF – False Arrest Under Oklahoma Law**
**(against all Defendants)**

Paragraph Nos. 1-74 are re-alleged and adopted as if set forth at length.

75.     Ms. Maples arrest was not supported in any way by probable cause.

76.     City of Lawton is liable because Oklahoma enacted the Governmental Tort Claims Act, Okla. Stat. tit., 51 § 151 et seq., which states that a political subdivision of the state shall be liable for loss created by the torts of its employees. Id. § 153(A). A political subdivision is statutorily defined to include municipalities in Oklahoma. Id. § 152(11)(a). Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren were at all relevant times an employee acting within the scope of their employment with the City of Lawton.

77.     In the alternative, Josh Foreman, Austin M, Nathan Ronan, and Sedona Warren were not acting within the scope of their employment when some or all of the conduct occurred and their actions were in reckless disregard for the others and malicious.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

### SEVENTH CLAIM FOR RELIEF – Intentional Infliction of Emotional Distress Under Oklahoma Law
### (against all individual Defendants)

Paragraph Nos. 1-77 are re-alleged and adopted as if set forth at length.

78. The actions of Josh Foreman, Austin Mahsetky, Nathan Ronan, and Sedona Warren were intentional.

79. Collectively, they made up false allegations against Ms. Maples and caused false charged to be filed against her. Ms. Maples was then forced to hire a lawyer and defend herself against these false allegations. The actions of the individual Defendants were extreme and outrageous.

80. As a result of this conduct, Ms. Maples suffered severe emotional distress.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against all individual Defendants for an amount that will reasonably compensate her for her damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

### EIGHTH CLAIM FOR RELIEF – Negligence Under Oklahoma Law
### (against all Defendants)

Paragraph Nos. 1-80 are re-alleged and adopted as if set forth at length.

81. The conduct described herein constitutes a violation of Ms. Maples' rights under Oklahoma law to be free from negligence.

82. Defendants owed a duty to care to Ms. Maples to objectively investigate allegations of wrongdoing by a complaining witness, even if the complaining witness is a fellow law enforcement officer.

83. Defendants violated that duty by failing to adequately investigate the lawfulness of the original traffic stop or the circumstances surrounding Ms. Maples ultimate arrest.

84. At the time the violation occurred, Defendants were employed by and working on behalf of the City of Lawton, a political subdivision of the State of Oklahoma.

85. In the alternative, Defendants Austin Mahsetky, Nathan Ronan, and Sedona Warren were not acting within the scope of their employment when their negligent actions occurred and, therefore, they are individually liable for the damage caused to Ms. Maples.

WHEREFORE, Plaintiff requests that the Court enter judgment in their favor and against all Defendants for an amount that will reasonably compensate them for their damages, punitive damages in an amount to exemplify Defendants and deter them and others similarly situated, a reasonable attorney fee, costs of the action and all other relief to which Plaintiff may be entitled.

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Respectfully submitted,

   /s/ *W. BRETT BEHENNA*
W. BRETT BEHENNA, OBA #30485
COYLE LAW FIRM
125 Park Avenue, First Floor
Oklahoma City, Oklahoma 73102
Direct Dial: 405-415-4551
Main Telephone: 405-232-1988
Fax: 405-272-9859
Email: bb@coylelaw.com

ATTORNEY FOR PLAINTIFF

Respectfully submitted,


   /s/ *W. BRETT BEHENNA*
W. BRETT BEHENNA, OBA #30485
COYLE LAW FIRM
125 Park Avenue, First Floor
Oklahoma City, Oklahoma 73102
Direct Dial: 405-415-4551
Main Telephone: 405-232-1988
Fax: 405-272-9859
Email: bb@coylelaw.com

ATTORNEY FOR PLAINTIFF